```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

MICHAEL GOODWIN,                    )
                                    )
              Petitioner,           )
                                    )
         vs.                        )    No.  4:09CV83-DJS
                                    )
DOUGLAS BURRIS, Chief of the        )
U.S. Probation Department,          )
                                    )
              Respondent.           )


## MEMORANDUM AND ORDER

Petitioner Michael Goodwin brings the instant "Petition for Writ of Mandamus" naming as the respondent Douglas Burris, the Chief Probation Officer for the Eastern District of Missouri. The petition arises from the criminal proceedings in this Court in which Goodwin pled guilty to Count I of an indictment, charging him with conspiring to possess with intent to distribute "crack" (cocaine base) and/or cocaine. United States v. Michael Goodwin, 4:01CR173-DJS.

Petitioner, an inmate at Terre Haute Federal Correctional Institution, has submitted a letter inquiring as to the amount of the required filing fee for this matter, which this Court will construe as a motion for leave to commence the action without payment of the required filing fee [Doc. #3].[1] Although petitioner

---

[1] In correspondence dated January 21, 2009, petitioner questions the cost of the filing fee for a petition for writ of mandamus, and notes that if the filing fee is $20.00 he "may be able to make that

will not be required to pay the filing fee at this time,[2] based upon a review of the petition for writ of mandamus, the Court finds that the petition should be dismissed.

As authority for the proceeding, Goodwin cites 28 U.S.C. §1361, which provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is an

---

amount." The filing fee for a petition for writ of mandamus is $350.00.

[2]There is some question whether this action can be construed as a "civil action," pursuant to 28 U.S.C. §1915(b)(1), under which petitioner would be required to pay the entire filing fee, despite his in forma pauperis status. See, e.g., In re Phillips, 133 F.3d 770, 771 (10th Cir. 1998) (holding that the Prison Litigation Reform Act is inapplicable to mandamus actions filed in the appellate court); In re Tyler, 110 F.3d 528, 529 (8th Cir. 1997) (holding that the PLRA may be applicable to mandamus action depending on the nature of the underlying action in the district court); In re Stone, 118 F.3d 1032, 1033-34 (5th Cir. 1997) (same); Madden v. Myers, 102 F.3d 74, 76 (3d Cir. 1996) (same); Martin v. United States, 96 F.3d 853, 854 (7th Cir. 1996) (same); In re Nagy, 89 F.3d 115, 116 (2nd Cir. 1996)(same); In re Smith, 114 F.3d 1247, 1250 (D.C. Cir. 1997) (holding that PLRA filing fees apply to writ of prohibition where underlying action is civil in nature);but see, Martin v. Grimshaw, 198 F.3d 248 (6th Cir. 1999) (holding that an action brought under 28 U.S.C. §1361 is a "civil action" for purposes of the PLRA); Lepiscopo v. Social Security Administration, No. Civ.A. 05-1628 (MLC), 2005 WL 1863609 (D.N.J. August 3, 2005) (applying the PLRA to a §1361 action); Lugo v. INS, 950 F.Supp. 743, 745-46 (E.D. Va. 1997) (cautioning plaintiff that the dismissal of his §1361 action for failure to state a claim upon which relief can be granted counted as an applicable dismissal for purposes of §1915(g)); Cf. Madden v. Myers, 102 F.3d 74, 76 n.2 (3rd Cir. 1996) (declining to decide whether PLRA applies to §1361 mandamus petitions) with Franco v. Bureau of Prisons, 207 Fed.Appx. 145, 2006 WL 3521880 (3rd Cir. 2006) (affirming district court dismissal under 28 U.S.C. §1915(e)(2) of motion for §1361 writ of mandamus against Bureau of Prisons and dismissing appeal under §1915(e)(2)(B)).

2

extraordinary remedy.  See Heckler v. Ringer, 466 U.S. 602, 616 (1984).  Certain conditions must be met before mandamus relief may be granted.  "Among these are that the party seeking issuance of the writ have no other adequate means to attain the relief he desires, and that he satisfy 'the burden of showing that (his) right to issuance of the writ is clear and indisputable.'" Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (citations omitted).  Petitioner fails to meet this standard.

Even employing the generous construction to be afforded pro se litigants, the Court has difficulty interpreting the relief Goodwin seeks by his petition.  In an effort to render the petition intelligible, the Court reviews the following history of Goodwin's related proceedings, over all of which the undersigned has presided.  The indictment in the underlying proceedings had ten counts and named fourteen defendants.  United States v. Goodwin, 4:01CR173-DJS, Indictment [Doc. #1].  Goodwin was named in Counts I, VII and IX.  Goodwin entered his plea of guilty to Count I on September 7, 2001, and was sentenced by this Court on November 30, 2001.  Counts VII and IX were dismissed in the judgment, which imposed a term of imprisonment of 151 months.

Since that time, Goodwin has made repeated efforts to have his sentence reduced, by motions of various types filed in both the closed criminal case and the closed civil proceeding on his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255.  See Michael Goodwin v. United States, 4:02CV1709-

3

DJS. A theme of sorts emerges from some of these filings, and the petition now before the Court, focusing on Count VII of the indictment and a discrepancy in its references to cocaine versus crack cocaine. Count I of the indictment makes reference to a controlled substance conspiracy involving "'crack' (cocaine base) **and/or** cocaine." See United States v. Goodwin, 4:01CR173-DJS, Indictment [Doc. #1], p.2 (emphasis added). As this Court has explained, in the order denying Goodwin's motion for resentencing based on the retroactive amendments to the Sentencing Guidelines for crack offenses, Goodwin was sentenced based on his stipulation and plea agreement that he was responsible for more than 15 and less than 50 kilograms of **cocaine**, resulting in a base offense level of 34. See United States v. Goodwin, 4:01CR173-DJS, Order of August 26, 2008 [Doc. #618], p.2, and Stipulation and Agreement Relative to Sentencing [Doc. #312], p.5.

Count VII of the indictment does appear to contain a discrepancy as to the controlled substances at issue in that charge. The first paragraph refers to possession of **cocaine** with intent to distribute, but the second paragraph charges that the amount of controlled substance involved in the offense was "less than 500 grams of a mixture or substance containing **'crack' (cocaine base)**." Id. at Indictment [Doc. #1], pp.5-6. In the instant petition [Doc. #1, p.4], Goodwin erroneously suggests that Count VII referred only to crack cocaine. In any event, the Court

4

perceives no impact of this discrepancy on Goodwin's plea and sentence on Count I, and Goodwin fails to explain any.

As the following excerpts show, the language of the instant petition suggests that relief is sought from the Probation Office concerning the presentence report's treatment of Count VII. The instant petition refers to a "conflict between the details of the July 23, 2000 incident of count seven in the indictment and the July 23, 2000 incident in the Presentence Report (PSR)." <u>Id</u>. at 1. The petition further suggests Goodwin's belief (attributed to his Bureau of Prisons Case Manager, however) that Goodwin was "sentenced under the relevant conduct section of the PSR of (sic) which displays count seven that created the Guideline sentencing level 34." <u>Id</u>. at 2.

Similarly, the petition states that:

> Count seven of the indictment displayed "Less than 500 grams of Crack cocaine base" which equals a guideline sentence level 34 along with the 15 to 50 kilos of relevant conduct. Count seven of the PSR displayed "Less than 500 grams of cocaine only" which equals a guidelines sentence level 32 along with the 5 to 15 kilos of relevant conduct.

<u>Id</u>. at 4. In attempting to articulate the relief sought by the petition, Goodwin states his request:

> that the court issue an (sic) Writ of Mandamus ordering the United States Probation Department...to provide the correct information pertaining to count seven between the indictment and the PSR so that the information can be viewed with confidence by the Plaintiff and the BOP that a sentence is not being carried out ilegally (sic).

<u>Id</u>. at 3.

The Court has carefully reviewed the PSR and cannot identify any significant content within it dealing with Count VII, much less doing so in an objectionable or erroneous manner.[3] The PSR correctly identifies the offense of conviction as Count I and states the agreement of the parties that "the amount of cocaine for which the defendant is responsible, including relevant conduct, is more than fifteen kilograms and less than fifty kilograms of cocaine, resulting in a base offense level of 34." United States v. Goodwin, 4:01CR173-DJS, Presentence Investigation Report [Doc. #445], ¶3.

No error within the PSR is demonstrated by Goodwin, or found by the Court, with respect to Count VII of the indictment or to the proper Guidelines sentencing computation pursuant to the parties' plea agreement. Nor will the Court order the Probation Office to address the discrepancy within Count VII of the indictment, which discrepancy is irrelevant to Goodwin's sentence and moot, and in any event beyond the authority of the Probation Office.

Goodwin also attempts to assign error to the Probation Office in its handling of defendant's objections to the PSR. See Petition [Doc. #1], pp.3-4. Contrary to Goodwin's suggestion, it is not the Probation Office's role to notify the government of

---

[3] The PSR correctly notes that Goodwin was named in Counts VII and IX, and that the government agreed to dismissal of those counts at the time of Goodwin's sentencing.

defendant's objections. The filer of objections is responsible for their service upon the opposing party, which appears to have been done in Goodwin's case. All objections were heard and argued in a lengthy sentencing hearing, and several of defendant's objections were in fact sustained and the PSR ordered amended as a result. See United States v. Goodwin, 4:01CR173-DJS, Written Summary of Fact Disputes Concerning PSR and Court's Determinations, Attached to Final Version of the Presentence Investigation Report [Doc. #445].

Finally, to the extent that the instant petition seeks relief specifically based upon the Probation Office's alleged mishandling of Goodwin's objection to ¶21 of the PSR, Goodwin shows no basis for relief. The petition states: "Plaintiff specifically object (sic) to paragraph 21 of the relevant conduct section of the PSR and requested an evidentiary nexus. The probation (sic) decided everything was correct and chose not to resolve the objection between the parties." Petition [Doc. #1], p.4. Defendant's objection to ¶21 of the PSR was in fact heard and considered by the Court, who overruled it on the following basis:

> Defendant disputed his accountability for nine enumerated drug transactions by co-defendants, as listed in ¶21. The objection was overruled because defendant stipulated at the time of his plea that these transactions occurred and that they could be considered as relevant conduct for purposes of defendant's sentencing pursuant to §1B1.3 of the Guidelines.

United States v. Goodwin, 4:01CR173-DJS, Written Summary of Fact Disputes Concerning PSR and Court's Determinations, Attached to

7

Final Version of the Presentence Investigation Report [Doc. #445], ¶2. The Probation Office is not shown to have interfered with or hindered consideration of defendant's objection concerning ¶21.

The Court has employed its best efforts to understand and to generously interpret Michael Goodwin's pro se petition. As contemplated in 28 U.S.C. §1361, no need to compel the Probation Office to perform any duty owed to Goodwin is demonstrated, much less is shown to be "clear and indisputable." <u>Kerr</u>, 426 U.S. at 403. Goodwin having shown no right to relief, judgment will be entered denying the instant petition for writ of mandamus.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #3] is granted.

**IT IS FURTHER ORDERED** that petitioner is not required to pay the filing fee at this time.

**IT IS FURTHER ORDERED** that petitioner's application for writ of mandamus [Doc. #1] will be denied, and a separate judgment to that effect is entered herein this day.

**IT IS FURTHER ORDERED** that the Clerk shall provide a copy of this memorandum and order, and the accompanying judgment, to Chief United States Probation Officer Douglas Burris.

Dated this     12th     day of February, 2009.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE